UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION - LEXINGTON
CRIMINAL ACTION NO. 5:21-CR-101-DCR-01

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.

MAURICE A. TAYLOR                                                                      DEFENDANT

### SENTENCING MEMORANDUM

Defendant Maurice A. Taylor, by counsel, submits the following Sentencing Memorandum setting forth all of the factors the Court should consider in determining what type and length of sentence is "sufficient, but not greater than necessary" to satisfy the imperatives of criminal punishment under 18 U.S.C. § 3553(a), and the goals of the statutory scheme as required by *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Fanfan*, 542 U.S. 963 (2004). Mr. Taylor requests that the Court consider the objections to the Presentence Investigation Report (PSR) in imposing a sentence and that the Court not apply the enhancements contained therein.

Maurice A. Taylor is a broken, immoral man who readily and humbly admits the errors of his ways. Mr. Taylor has had plenty of time to reflect upon the severity of his crimes and evil choices. Mr. Taylor has not always been a model citizen— his history of substance use began at the early age of 14 of 15, when Mr. Taylor recalls having first tried marijuana. PSR ¶ 74. From then, Mr. Taylor began using cocaine, percocet, and xanax weekly in his 20s. *Id.* This substance use has continued from his early 20s until as recently as last year, meanwhile Mr. Taylor has never received substance abuse treatment. *Id.*

All that said, Mr. Taylor has no significant criminal history, and it does not necessarily follow that he should be sentenced to an advisory guidelines sentence of 324 to 405 months, as argued in our objections to the PSR calculation. After considering the factors in 18 U.S.C. § 3553(a), as well as the specific offense characteristics in the PSR, this Court should impose a sentence below the proposed guideline range of 121 to 151 months. Such a sentence is a penalty "sufficient, but not greater than necessary" to satisfy the imperatives of criminal punishment, and the goals of the statutory scheme as required by *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Fanfan*, 542 U.S. 963 (2004).

## INTRODUCTION

According to the PSR, Mr. Taylor's adjusted offense level under the Guidelines is 39 and his criminal history category is three (3). PSR ¶¶ 40, 62. Accordingly, the Guidelines recommend a sentencing range of 324 months to 405 months imprisonment. *Id.* at ¶ 79. Further noted in the PSR, the statutory maximum punishment for Mr. Taylor's offense is life imprisonment. The defense contends that the appropriate guideline calculation is 121 to 151 months. Mr. Taylor asks the Court to impose a sentence that is below the 121 to 151 month guideline range.

## ARGUMENT

**I.  The Nature and Characteristics of Mr. Taylor's Offense and His History and Characteristics. 18 U.S.C. § 3553(a)(1).**

In imposing a reasonable sentence, the Court must examine not only the nature and circumstances of Mr. Taylor's offense but also his history and characteristics. 18 U.S.C. § 3553(a)(1). In doing so, it may consider an unlimited amount of evidence concerning his "background, character, and conduct…." 18 U.S.C. § 3661.

Mr. Taylor acknowledges that trafficking in fentanyl and cocaine is a serious offense that endangered his community. He quickly accepted responsibility for his actions, however, and entered a plea of guilty to the Second Superseding Indictment. While he expects to serve a lengthy term of imprisonment for his actions, he respectfully requests that the Court consider the following in imposing a sentence.

Mr. Taylor was born in Lexington, Kentucky to his parents Veronica Patterson and Edwin Taylor. PSR ¶ 70. Mr. Taylor was 13 or 14 years old when his parents divorced and was only 14 or 15 when he was uprooted from his life in Lexington, Kentucky to move to his grandmother's house in Frankfort, Kentucky. *Id.* at ¶ 71. Despite the hardships he faced, Mr. Taylor obtained his GED through Lafayette High School in 1994 or 1995, attended the National College of Business from 2001 to 2002, obtained a Commercial Driver's License (CDL), and obtained his barber's license. *Id.* at ¶ 75. Mr. Taylor has worked as a barber off and on since 2010 and for 2 or 3 years owned his own trucking company, Taylor Made Trucks. *Id.* at ¶ 76.

In addition to his education and career, Mr. Taylor is pre-diabetic and suffers from high blood pressure and takes medication for this condition, which has caused him to sustain heart damage in May or June 2021.

Mr. Taylor acknowledges his actions caused harm to society. Mr. Taylor also acknowledges that his actions were reprehensible and deserving of punishment. Nevertheless, Mr. Taylor requests that the Court consider this information in imposing a sentence.

**II.    The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense; to Afford Adequate Deterrence to Criminal Conduct; to Protect the Public from Further Crimes of the Defendant; and to Provide the Defendant**

**with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner. 18 U.S.C. § 3553(a)(2).**

A prison sentence below the guideline range of 121 to 151 months reflects the seriousness of Mr. Taylor's crime, will promote respect for the law and will provide just punishment. The statutory sentencing range for these offenses is ten (10) years to life imprisonment. The defense's recommended sentence makes clear that Mr. Taylor is not the least-culpable offender convicted under this statute, nor the most culpable. As the Sixth Circuit has observed, sentences at or near the statutory maximum should be reserved for the "worst possible variation of the crime" committed by the most dangerous offender. *See United States v. Aleo*, 681 F.3d 290, 302 (6th Cir. 2012); *cf. United States v. Poynter*, 495 F.3d 349, 354 (6th Cir. 2007). The Sixth Circuit has also given examples of factors that in general might justify a sentence at or approaching the statutory maximum as, for example, fleeing from authorities, failing to accept responsibility, using violence, or having prior convictions for the same crime rather than just one prior conviction. *See Aleo*, 681 F.3d at 302; *Poynter*, 495 F.3d at 354. None of those factors are present in Mr. Taylor's case.

According to the U.S. Sentencing Commission, in 2021 defendants with a Criminal History Level III (like Mr. Taylor) who were sentenced for Murder received on average a sentence of 258 months. U.S. Sentencing Commission, 2021 Datafile, USSCFY21. SENTENCE LENGTH IN EACH CRIMINAL HISTORY CATEGORY BY TYPE OF CRIME, Table 27 (available here: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2021/Table27.pdf). The same data indicates that defendants that were sentenced for Drug Trafficking received a mean sentence of 77 months. *Id*. Sentencing Mr. Taylor to even the

minimum proposed guideline sentence would see him serve nearly six (6) more years than the average defendant sentenced for Murder. This is not proportionate, no matter how terrible his offense. For this reason, a downward variance is appropriate.

### III. The Kinds of Sentences Available.

Mr. Taylor is not eligible for probation. While Mr. Taylor does own a home of unknown value, he also has an unknown amount of car, medical, student loan, and credit card debt. PSR ¶ 77. Therefore Mr. Taylor, as noted in the PSR, has a limited ability to pay a fine in the instant case. *Id.* The defense requests the Court impose a sentence below the guideline range of 121 to 151 months.

### IV. Sentencing Mr. Taylor to the Statutory Maximum Would Disincentivize the Acceptance of Responsibility.

If this Court decides that the guideline sentence should be calculated as reflected in the draft PSR, a Guideline sentence to the statutory maximum would serve to disincentivize acceptance of responsibility. A sentence of the statutory maximum would nullify any benefit Mr. Taylor received for an Adjustment for Acceptance of Responsibility under U.S.S.G. §3E1.1. Mr. Taylor notified the government and pled guilty before the scheduled trial. Mr. Taylor came before this Court and accepted responsibility for his actions and saved this Court and the United States the cost and burden of a trial. To sentence Mr. Taylor to the proposed Guideline sentence of 324 months to 405 months, without variance, would be to discount this acceptance of responsibility. Therefore, imposing a lesser sentence is appropriate to account for this discrepancy and consistent with the purposes of the Sentencing Guidelines.

### V. Other Requests.

Mr. Taylor also requests that this Court take notice of the motion filed under seal.

CONCLUSION

Maurice A. Taylor deserves a harsh sentence, but not the one contemplated by the guidelines as proposed by the PSR or as argued by the prosecution. A sentence below the guideline range of 121 to 151 months reflects the nature of this case: it is truly outrageous, but not the worst of the worst. Such a sentence would not be "substantively unreasonable" or violate the edicts of *United States v. Bistline*, 665 F.3d 758 (6th Cir. 2012). Mr. Taylor is a broken and immoral man who committed a reprehensible act against society. A sentence below the guideline range of 121-151 months is "sufficient, but not greater than necessary" to satisfy 18 U.S.C. § 3553(a).

Respectfully submitted,

*/s/ Matthew W. Boyd*
Matthew W. Boyd
Boyd Law Office, PSC
155 East Main Street, Suite 220
Lexington, Kentucky 40507
859-252-0222

*/s/ Gayle E. Slaughter*
Gayle E. Slaughter
149 N. Limestone Street
Lexington, KY 40507
859-233-0132

CERTIFICATE OF SERVICE

I hereby certify that on January 2nd, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to:

Hon. Roger West
Assistant U.S. Attorney
260 West Vine Street, Suite 300
Lexington, KY 40507-1612
859-685-4895

*/s/ Matthew W. Boyd*
Matthew W. Boyd
Counsel for Defendant, Mr. Taylor
